**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

State of South Carolina, Petitioner,

v.

Herbert E. Pray, III, Respondent.

Appellate Case No. 2023-000972

───────────

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

───────────

Appeal from Aiken County
Clifton B. Newman, Circuit Court Judge

───────────

Memorandum Opinion No. 2025-MO-031
Heard March 11, 2025 – Filed March 26, 2025

───────────

**DISMISSED AS IMPROVIDENTLY GRANTED**

───────────

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor John William Weeks, of Aiken, all for Petitioner.

Robert Irvin Sussman, of Robert I. Sussman, P.C., of Augusta, GA, for Respondent.

**PER CURIAM:** We granted a writ of certiorari to review the court of appeals' decision in *State v. Pray*, Op. No. 2023-UP-067 (S.C. Ct. App. filed Feb. 22, 2023). We now dismiss the writ as improvidently granted.[1]

**DISMISSED AS IMPROVIDENTLY GRANTED.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**

---

[1] At the time Respondent's DUI charge was dismissed by the magistrate, this Court had not decided *State v. Taylor*, 436 S.C. 28, 870 S.E.2d 168 (2022), or *State v. Lowery*, 443 S.C. 473, 905 S.E.2d 361 (2024). In those two cases, we held per se dismissal of a DUI charge was not required when *Miranda* warnings were not administered in the manner required by subsection 56-5-2953(A) of the South Carolina Code (2018). Therefore, as acknowledged by the State during oral argument, the State was precluded from raising the per se dismissal issue on appeal.